**FERNALD LAW GROUP LLP**
BRANDON C. FERNALD (BAR NO. 222429)
ADAM P. ZAFFOS (BAR NO. 217669)
510 W 6th Street, Suite 700
Los Angeles, CA 90014
Telephone:     (323) 410-0300
Facsimile:     (323) 410-0330
Email:         brandon.fernald@fernaldlawgroup.com
               adam@fernaldlawgroup.com

Attorneys for Plaintiff TAMARA LEE TAYLOR and the PROPOSED CLASSES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA LEE TAYLOR, an individual, and others similarly situated, | Case No. |
| Plaintiff, | Class action complaint for restitution, injunctive relief and damages: |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATION OF:** |
| 123RF, LLC, a California Limited Liability Company; and DOES 1-10, inclusive, | **(1) FEDERAL CREDIT CARD ACT—15 USC § 1693 ET SEQ.** |
| Defendants. | **(2) CAL. CIV. CODE § 1749.5** |
| | **(3) CAL. BUS. & PROF. CODE § 17200** |
| | **(4) CAL. BUS. & PROF. CODE § 17500** |
| | **(5) CIVIL CODE § 1750, ET SEQ.** |
| | **(6) UNJUST ENRICHMENT** |
| | **REQUEST FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF** |
| | **DEMAND FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. § 1021.5** |
| | **DEMAND FOR JURY TRIAL** |

DOCUMENT PREPARED
ON RECYCLED PAPER

- 1 -

## I.   **INTRODUCTION**

1.      Plaintiff Tamara Lee Taylor brings this nationwide class action (and California subclass) on behalf of herself on behalf of all similarly situated users of Defendant 123RF LLC's stock photography/imagery website that purchased pre-paid tranches of "credits" that later expired.

2.      123RF requires users under its "Pay-as-you-go" credit model to buy tranches of credits to then obtain/purchase stock photography/images from the 123RF website.  These credits would then expire if not used within 1 year of purchase.  Ms. Taylor, like scores of others in the proposed class that used 123RF's website, had credits purchased expire after just 1 year.

3.      Additionally, this 1-year expiration policy was not well disclosed (if at all) prior to the purchase of credits.

4.      123RF's 1-year expiration practice is *per se* illegal and a violation of multiple federal and California state laws that prohibit unfair/illegal business practices and the expiring of electronic promises/gift certificates in just 1 year.  Specifically, federal law limits such practice to no less than 5 years and California law prohibits such credits from ever expiring.

5.      These unfair and illegal practices have also allowed 123RF to unjustly enrich itself.

6.      123RF's 1-year expiration policy has caused damage to Ms. Taylor and scores of other proposed class members that bought credits from 123RF's website that then expired.

## II.   **PARTIES**

**A.     Plaintiff Tamara Lee Taylor**

7.      Plaintiff Tamara Lee Taylor ("Ms. Taylor") is a California citizen who resides in Orange County, California.

DOCUMENT PREPARED
ON RECYCLED PAPER

8.      Ms. Taylor began purchasing credits for personal use in November of 2012.

9.      She first made a purchase of credits from 123RF on November 9, 2012 ($20), with additional purchases on November 7, 2013 ($38), July 23, 2014 ($20) and finally July 28, 2014 ($55.70).  Each of these purchases of credits was treated as separate purchase by 123RF, with separate expiration dates for each.  They were purchased using her computer in California.  On at least two of those instances, November 9, 2012 and July 28, 2014, credits she purchased were expired by 123RF after 1 year.  One (1) credit she bought on November 9, 2012 was expired by 123RF 1 year later, on November 9, 2013.  Eleven (11) of the credits she bought on July 28, 2014 were expired by 123RF 1 year later, on July 28, 2015.

**B.      Defendant 123RF LLC**

10.      On information and belief, Defendant 123RF LLC ("123RF" or "Defendant") is a California Limited Liability Company that operates a stock photography/image website accessible from California and the USA, wherein images can be purchased on a pay as you go credit model or through a subscription.  123RF is headquartered in Chicago, Illinois.

11.      Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

12.      Plaintiff is informed and believes, and thereon alleges, that 123RF and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter.  Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aider and abettor of the other Defendants and was acting in the course

DOCUMENT PREPARED
ON RECYCLED PAPER

CLASS ACTION COMPLAINT

1  and scope of such agency and/or acted with the permission, consent, authorization or

2  ratification of the other Defendants.

3      13.    As described further below, 123RF conducts business and distributes

4  images in the greater Los Angeles area, California and throughout the United States.

5  ### III.   JURISDICTION AND VENUE

6      14.    This action arises under 15 U.S.C. § 1693 *et seq.* and the statutory law of

7  the State of California.  This Court has subject matter jurisdiction over this action

8  pursuant to 28 U.S.C. § 1332 (diversity), 28 U.S.C. §1331 (federal question) and 15

9  U.S.C. § 1693 *et seq.*  (Federal Credit CARD Act of 2009 claims).

10      15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

11  1400 because a substantial part of the events giving rise to the claims occurred in this

12  District.

13  ### IV.   FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14      16.    This nationwide action (and California subclass) seeks redress for

15  123RF's violation of multiple federal and California state laws designed to protect

16  purchasers of so-called electronic promises from premature expiration.  In this case,

17  the expiration of purchased credits after just 1 year.  This action also seeks redress for

18  123RF's failure to properly disclose its unfair and illegal expiration and confiscation

19  policy which 123RF used to improperly enrich itself.

20      17.    123RF, formerly known as Inmagine LLC, founded in 2005, operates an

21  online stock photography/image website accessible from California and the USA,

22  wherein licensed images can be purchased on a pay as you go credit model or through

23  a subscription.

24      18.    It is part of an increasingly large online market for digital stock

25  photography that is estimated to grow from $4 billion a year in 2011 to approximately

26  $6 billion a year in 2016.

27

28

Document Prepared on Recycled Paper

- 3 -

19.    With the increasing use of social media, movement to digital content, and use of digital images in increasing aspects of personal and business life, the stock photography/image business in anticipated to continue to grow in the coming years.

20.    Concurrent with the above trends, and with the proliferation of the Internet and online buying and the increasing use of electronic gift certificates and other forms of electronic promises, many businesses, including those operating primarily or exclusively through a website portal like 123RF, have seen large use of electronic credit for later use with that business.

21.    This practice allows a quick infusion of money into the business without the accompanying immediate need for output of product or service to the user/buyer/customer.

22.    It also provides no strings attached additional revenue—and significant amounts of it.  Many electronic promise/gift certificate users often fail to use all of the purchased available credit, whether for lack of need, forgetting about it, lost proof of purchase, or denial of use after an imposed expiration period.

23.    Recent studies have found that nearly 2/3 of American consumers use gift certificates, yet 40% of them do not use the entire value of the gift certificate.  In fact, it is estimated that since 2008 alone, nearly $44 billion in credit has gone unused in the United States alone.

24.    Given these statistics, and the seeming abuse by businesses, Congress and many states have passed laws seeking to limit the ability of businesses in expiring gift certificates/electronic promises.

25.    Congress enacted The Federal Credit CARD Act of 2009, 15 USC §1693 *et seq.* ("the CARD Act"), in part, to protect users and consumers of gift certificates/electronic promises.  With certain exceptions not relevant here, the CARD Act prohibits the sale of "electronic promises" that expire before 5 years.

26.    The CARD Act defines "gift certificate" as follows (Section 915(B)):

DOCUMENT PREPARED
ON RECYCLED PAPER

CLASS ACTION COMPLAINT

``(B) Gift certificate. --The term `gift certificate'

means an electronic promise that is--

``(i) redeemable at a single merchant or an

affiliated group of merchants that share the same

name, mark, or logo;

``(ii) issued in a specified amount that may

not be increased or reloaded;

``(iii) purchased on a prepaid basis in

exchange for payment; and

``(iv) honored upon presentation by such

single merchant or affiliated group of merchants"

27.     Section 915(c) of the CARD Act outlines the prohibition of expiration before 5 years:

"PROHIBITION ON SALE OF GIFT CARDS WITH EXPIRATION DATES—

(1) IN GENERAL. —Except as provided under paragraph (2), it shall be unlawful for any person to sell or issue a gift certificate, store gift card, or general-use prepaid card that is subject to an expiration date.

(2) EXCEPTIONS. —A gift certificate, store gift card, or general-use prepaid card may contain an expiration date if—

(A) the expiration date is not earlier than 5 years after the date on which the gift certificate was issued, or the date on which card funds were last loaded to a store gift card or general-use prepaid card; and

(B) the terms of expiration are clearly and conspicuously stated.  (emphasis added).

28.     California state law is in accord, but prohibits gift certificates from ever expiring.

DOCUMENT PREPARED ON RECYCLED PAPER

29.     California Civil Code § 1749.5 states, "(a) It is unlawful for any person or entity to sell a gift certificate to a purchaser that contains any of the following: (1) an expiration date…" (emphasis added).   "Gift certificates" are defined under California Civil Code § 1749.6 as follows: "(a) A gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer."

30.     Violation of the CARD Act and/or California Civil Code § 1749.5 is and unfair and illegal business practice prohibited by California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200.

31.     Here, 123RF offers its customers the ability to buy credit[s] or tranches of credits (electronic promise) for later use on its website to obtain/purchase licensed stock photography/images.

32.     123RF's credits and credit packs qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 as they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to 123RF only.

33.     123RF's credit pack model is not reloadable.  Each purchase of credits is treated as an entirely new electronic promise wherein each credit pack purchase is subject to its own expiration date.  In other words, once the credit pack purchase is made (which is in a specific amount), the clock on its expiration and according need for use begins to run.

34.     Given the inherent high levels of failure to use credit, combined with 123RF's policy of expiring credit after just 1 year, 123RF's credit model provided it the opportunity to make significant revenue with no accompanying need to provide the stock photo/image to the user purchasing the credit.

DOCUMENT PREPARED
ON RECYCLED PAPER

35.     Besides being unlawful, this expiration practice was particularly unjust and unfair because (although not limited to) the carrying cost of the electronic credit purchase was near nothing and thus there was little to no need to expire the credits after just one year and by treating each credit purchase as a new transaction, 123RF prohibited its users from "renewing" or "reloading" their credit pack purchase and thereby prohibited extending the expiration date even if the users planned to use more credits.  Thus, even if a user knew their credits were about to expire, but had no current need for purchase of photos/images with those credits, purchasing new credits would not extend the expiration date on those previously purchased credits.

36.     Making matters worse, 123RF failed to disclose in any meaningful way the 1-year expiration policy to its users.  This was both unfair and illegal and resulted in an unearned windfall to 123RF.

37.     Ms. Taylor was one such user damaged by 123RF's illegal and unfair expiration practice.  She first made a purchase of credits from 123RF on November 9, 2012 ($20), with additional purchases on November 7, 2013 ($38), July 23, 2014 ($20) and finally July 28, 2014 ($55.70).  These were purchased using her computer in California.  On at least two of those instances, November 9, 2012 and July 28, 2014, credits she purchased were expired by 123RF after 1 year.

38.     There are many other users of 123RF's credit system that suffered and continue to suffer damage from 123RF's 1-year expiration practice.

39.     Plaintiff therefore seeks injunctive and monetary relief for herself and those similarly situated in nationwide and California and who were injured by 123RF's illegal and unfair 1-year expiration policy of credits.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this nationwide and California sub-class action on behalf of herself and all persons similarly situated pursuant to Federal Rules of Civil

DOCUMENT PREPARED
ON RECYCLED PAPER

Procedure 23(a) and (b)(3). This action satisfies the numerosity, typicality, ascertainability, commonality, adequacy, predominance and superiority requirements.

41. Plaintiff seeks to represent the following classes:

Nationwide: All users of 123RF's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired within the applicable statute of limitations ("Nationwide Class").

California: All California users of 123RF's stock photography/image website that purchased pre-paid credit[s] or tranches of credits for use on the website that later expired within the applicable statute of limitations ("California Class").

42. Numerosity: Although the exact number of Class Members (defined as members in the nationwide and California subclass) is uncertain and can only be ascertained through appropriate discovery (and Defendant's records), the number is likely in the thousands (or tens of thousands) and great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single class action will thus provide substantial benefits to all parties and the Court.

43. Typicality: Plaintiff's claims are typical of the claims of the nationwide and California subclass, in that Plaintiff, like all Class Members, purchased credits from 123RF's website that later expired. Plaintiff, like all Class Members, also suffered damage from 123RF's 1-year expiration policy in that purchased credits were expired and rendered unusable to buy stock photography/images. Further, the factual bases of 123RF's misconduct of prematurely expiring purchased credits after just 1 year is common to and resulted in injury to Plaintiff and all Members of the Classes.

44. Ascertainability: Plaintiff is a member of two finite and easily ascertainable classes of users of 123RF's stock photography/image website that

DOCUMENT PREPARED
ON RECYCLED PAPER

purchased pre-paid credit[s] or tranches of credits for use on the website that later expired.  They are all similarly situated and similarly affected by Defendant 123RF's 1-year expiration policy.  Members of the Classes are ascertainable from Plaintiff's description of the Classes and/or from Defendant's records.

45.   Commonality: Common questions of law and fact impact the rights of each Member of the Classes and a common remedy by way of permissible damages, restitution and injunctive relief that is sought for the Classes.  These numerous and substantial questions of law and fact common to Plaintiff and all Members of the Classes will predominate over any individual issues.  These common questions of law and fact include, without limitation:

Nationwide:

a.   Whether credit[s] or credit tranches purchased on 123RF's website are "gift certificates" or "electronic promises" under the CARD Act;

b.   Whether 123RF's 1-year expiration policy of unused credits purchased on its website is a violation of the CARD Act;

c.   Whether 123RF's knew or should have known that its 1-year expiration policy of unused credits purchased on its website was a violation of the CARD Act;

d.   Whether based upon the factors outlined in 15 USC §1693m(b) of the CARD Act, 123RF should be assessed, in addition to restitution and actual damages to each nationwide class member, the lesser of $500,000 or 1 per centum of the net worth of 123RF;

e.   Whether Plaintiff and the nationwide class are entitled to restitution, damages, statutory award, and/or injunctive relief;

f.   Whether Plaintiff and the nationwide class are entitled to refund and/or reinstatement of expired credit[s].

DOCUMENT PREPARED
ON RECYCLED PAPER

CLASS ACTION COMPLAINT

California:

g.  Whether credit[s] or credit tranches purchased on 123RF's website are "gift certificates" or "electronic promises" under the CARD Act;

h.  Whether credit[s] or credit tranches purchased on 123RF's website are "gift certificates" under California Civil Code § 1749.5 *et seq.*;

i.  Whether 123RF's 1-year expiration policy of unused credits purchased on its website is a violation of the CARD Act;

j.  Whether 123RF's 1-year expiration policy of unused credits purchased on its website is a violation of California Civil Code § 1749.5 *et seq.*;

k.  Whether 123RF's 1-year expiration policy of unused credits purchased on its website is an unfair business practice under California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200;

l.  Whether 123RF's 1-year expiration policy of unused credits purchased on its website is an unlawful business practice under California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200;

m. Whether 123RF's 1-year expiration policy of unused credits purchased on its website is a violation of the Civ. Code § 1750 *et seq.*;

n.  Whether 123RF's knew or should have known that its 1-year expiration policy of unused credits purchased on its website was a violation of the CARD Act;

o.  Whether 123RF's knew or should have known that its 1-year expiration policy of unused credits purchased on its website was a violation of California Civil Code § 1749.5 *et seq.;*

p.  Whether 123RF failed to adequately disclose its 1-year expiration policy to its users;

q.  Whether 123RF's confiscation of expired credits was unjust and an ill-gotten gain;

DOCUMENT PREPARED
ON RECYCLED PAPER

r.  Whether Plaintiff and the California class are entitled to restitution and/or injunctive relief;

s.  Whether Plaintiff and the California class are entitled to refund and/or reinstatement of expired credit[s];

t.  Whether Plaintiff and the California class are entitled to damages;

u.  Whether Plaintiff and the California class are entitled to punitive damages;

v.  Whether Plaintiff and the California class are entitled to attorneys' fees.

46.  <u>Adequate Representation</u>: The representative Plaintiff will fairly and adequately represent the Members of the Classes and has no interests which are antagonistic to the claims of the Classes.  Plaintiff has retained counsel who are competent and experienced in consumer class action litigation.

47.  <u>Predominance and Superiority</u>: Plaintiff and the Members of the Classes have all suffered and will continue to suffer harm and damages due to 123RF's wrongful expiration policy.  A class action is superior to other methods for the fair and efficient adjudication of the subject controversy, because absent a class action, most proposed members of the Classes' individual claims are relatively small and will therefore likely find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all.  Accordingly, absent a class action the proposed Class Members' injuries will not be redressed and Defendant's misconduct will proceed without remedy.  Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and litigants and promotes consistency and efficiency of adjudication.

48.  123RF acted on grounds generally applicable to the entire class, thereby making final injunctive relief or corresponding declaratory relief

DOCUMENT PREPARED
ON RECYCLED PAPER

CLASS ACTION COMPLAINT

appropriate with respect to the class as a whole.  Prosecution of separate actions by individual Members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual Members of the Classes that would establish incompatible standards of conduct for Defendant 123RF.

49.     Without a class action, Defendant 123RF will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Classes.  Plaintiff envisions no difficulty in the management of this action as a class action.

## **FIRST CLAIM FOR RELIEF**

### **(Violation of The Federal Credit CARD Act of 2009, 15 USC §1693 *et seq.*)**

(Nationwide and California Subclass)

50.     Plaintiff incorporates by reference Paragraphs 1 through 49 above as though fully set forth herein.

51.     Defendant 123RF operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to license stock photography/images from the website.

52.     These credits qualify as "gift certificates" under the CARD Act (15 USC §1693 *et seq.*) in that they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to 123RF only.  They are therefore subject to the expiration limits incorporated in the law—in particular no less than 5 years.

53.     123RF violated the CARD Act expiration limit by maintaining a policy in which credits purchased on its website would expire if not used within 1 year of purchase.  123RF therefore continues to violate the CARD Act.

DOCUMENT PREPARED
ON RECYCLED PAPER

54.     Ms. Taylor and Class Members are users that purchased credit[s] 123RF s website and then had those credit[s] expire after just 1 year, causing them injury and damage.

55.     123RF knew or should have known that its 1-year expiration policy was illegal and a violation of the CARD Act, nonetheless, it continued and continues to this day its 1-year expiration policy of credit[s].  This must be stopped.

56.     As a direct and proximate result of 123RF's actions and its 1-year expiration policy in violation of the CARD Act, Plaintiff and the Classes have suffered and will continue to suffer damages.

57.     Plaintiff and the Classes are entitled to injunctive relief, restitution, refund or reinstatement of the expired credit[s], attorneys' fees and costs and as to the nationwide class only, damages and a statutory assessment pursuant to 15 USC §1693m(b) of the CARD Act of the lesser of $500,000 or 1 per centum of the net worth of 123RF.

## SECOND CLAIM FOR RELIEF

**(Violation of California Civil Code § 1749.5 *et seq.*)**

(California Subclass only)

58.     Plaintiff incorporates by reference Paragraphs 1 through 57 above as though fully set forth herein.

59.     Defendant 123RF operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits in a specific amount to obtain/purchase licensed stock photography/images from the website.

60.     123RF's credit pack model is not reloadable.  Each purchase of credits is treated as an entirely new electronic promise wherein each credit pack purchase is subject to its own expiration date.  In other words, once the credit pack purchase is

DOCUMENT PREPARED
ON RECYCLED PAPER

made (which is in a specific amount), the clock on its expiration and according need for use begins to run.

61.    These credits qualify as "gift certificates"  under California Civil Code § 1749.5 *et seq.* in that they are "value held in trust by the issuer of the gift certificate on behalf of the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer.  They are therefore subject to the expiration limit incorporated in the law—in particular that no expiration limit may be imposed.

62.    123RF violated Cal. Civ. Code § 1749.5 *et seq.* no expiration limit by maintaining a policy in which credits purchased on its website would expire if not used within 1 year of purchase.  123RF therefore continues to violate Cal. Civ. Code § 1749.5 *et seq.*

63.    Plaintiff and other California class members are California users that purchased credit[s] 123RF's website and then had those credit[s] expire after just 1 year, causing them injury and damage.

64.     123RF knew or should have known that its 1 year expiration policy was illegal and a violation of Cal. Civ. Code § 1749.5 *et seq.,* nonetheless, it continued and continues to this day its 1 year expiration policy of credit[s].  This must be stopped.

65.    As a direct and proximate result of 123RF's actions and its 1 year expiration policy in violation of Cal. Civ. Code § 1749.5 *et seq.* Plaintiff and the California class have suffered and will continue to suffer damages.

66.    Plaintiff and the California class are entitled to injunctive relief, restitution, and/or refund or reinstatement of the expired credit[s].  Additionally, Plaintiffs and the California class seek attorneys' fees and costs.

DOCUMENT PREPARED
ON RECYCLED PAPER

CLASS ACTION COMPLAINT

### **THIRD CLAIM FOR RELIEF**

**(Violation of California's Unfair Competition**

**Law Cal. Bus. & Prof. Code § 17200)**

(California Subclass only)

67.     Plaintiff incorporates by reference Paragraphs 1 through 66 above as though fully set forth herein.

68.     Defendant 123RF operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to obtain/purchase licensed stock photography/images from the website.

69.     123RF's credit pack model is not reloadable.  Each purchase of credits is treated as an entirely new electronic promise wherein each credit pack purchase is subject to its own expiration date.  In other words, once the credit pack purchase is made (which is in a specific amount), the clock on its expiration and according need for use begins to run.

70.     123RF's credits and credit packs qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 as they (1) are an electronic promise redeemable at a single merchant; (2) are issued in specified amounts (new credit packs may be purchased but each pack is not reloadable and the expiration dates are applied separately to each individual credit pack purchase); (3) are purchased on a prepaid basis; and (4) are honored upon presentation to 123RF only.

71.     As these credits qualify as "gift certificates" under both the CARD Act and California Civil Code § 1749.5 *et seq.* they are subject to the expiration limits and protections found in those laws—5 years and no expiration allowed, respectively.

72.     Despite these limits, 123RF maintained a policy in which credits purchased on its website would expire if not used within 1 year of purchase.  This policy did and continues to violate the CARD Act and Cal. Civ. Code § 1749.5 *et seq.*

Document Prepared
on Recycled Paper

73.     Besides being unlawful, this expiration practice was and is unjust and unfair because (among other things): (1) the carrying cost of the electronic credit purchase was near nothing and thus there was little to no need to expire the credits after just one year; and (2) by treating each credit purchase as a new transaction, 123RF prohibited its users from "renewing" or "reloading" their credit pack purchase and thereby prohibited extending the expiration date even if the users planned to use more credits.  Thus, even if a user knew their credits were about to expire, but had no current need for purchase of photos/images with those credits, purchasing new credits would not extend the expiration date on those previously purchased credits.

74.     Given the inherent high levels of failure to use the credits, combined with 123RF's policy of expiring credit after just 1 year without the ability to renew the expiration date, this credit model provided 123RF an inherently unfair opportunity to make significant revenue with no accompanying need to provide the stock photo/image to the user purchasing the credit.

75.     Ms. Taylor and California class members are California users that purchased credit[s] 123RF's website and then had those credit[s] expire after just 1 year, causing them injury and damage.

76.      This 1 year expiration practice by Defendant 123RF violates Cal. Bus. & Prof. Code § 17200 in as much as it is an unlawful violation of the CARD Act and Cal. Civ. Code § 1749.5 *et seq.*

77.     This 1 year expiration practice by Defendant 123RF similarly violates Cal. Bus. & Prof. Code § 17200 in as much as it is unfair to the credit users of 123RF's website that should not have had their credit[s] expired by 123RF after just one year.

78.     Moreover, 123RF failed to adequately disclose its 1-year expiration policy to its users and therefore obtained an unjust and ill-gotten windfall by confiscating those expired credits.

79.     Section 17200 also prohibits any "fraudulent business act or practice." Defendant violated this prong of the UCL by disseminating through its website and other promotional channels, misleading and partial statements about 123RF credits that have a tendency to mislead the public.  For example, Defendant failed to disclose to its users prior to purchase or adequately after purchase that that they expire after one just one year.  Defendant's claims, nondisclosures and misleading statements concerning 123RF credits were false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code §17200.

80.     As a direct and proximate result of 123RF's actions and its 1 year expiration policy, Plaintiff and the California class have suffered and will continue to suffer damages.

81.     Defendant 123RF, through it unlawful, fraudulent and unfair 1 year expiration practice has profited from Plaintiff and California class members by confiscating credit[s] improperly expired.  Plaintiff and the California class are therefore entitled to injunctive relief, restitution, and/or refund or reinstatement of the expired credit[s].  Additionally, Plaintiff and the California class seek attorneys' fees (pursuant to Cal. Civ. Proc. § 1021.5) and costs.

## FOURTH CLAIM FOR RELIEF

### (Violation of California's Unfair Competition

### Law Cal. Bus. & Prof. Code § 17500)

(California Subclass only)

82.     Plaintiff incorporates by reference Paragraphs 1 through 81 above as though fully set forth herein.

83.     California Business & Professions Code §17500 *et seq.* prohibits various deceptive practices in connection with the dissemination in any manner of

DOCUMENT PREPARED
ON RECYCLED PAPER

representations which are likely to deceive members of the public to purchase products and services such as the 123RF credits.

84.     Defendant's acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and Class members.  Defendant uses its website and other promotions, along with other social media to extensively market and advertise the credits with misleading and illegal expiration dates and other deceptive terms to consumers.

85.     By its actions, Defendant has been and is disseminating uniform advertising concerning its credits, which by its nature is unfair, deceptive, untrue, or misleading within the meaning of California Business & Professions Code §17500 *et seq.*   Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

86.     Defendant intended Plaintiff and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint.

87.     In fact, Plaintiff and Class members relied upon the advertisements and misrepresentations to their detriment which has caused harm to Plaintiff and Class Members.

88.     The above described false, misleading, deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant has failed to disclose the true and actual limitations of their credits.

89.     Defendant has failed to instigate a public information campaign to alert consumers of these limitations, which continues to create a misleading perception of the efficacy of their gift certificates.

90.     Plaintiff and Class Members therefore seek injunctive and restitutionary relief in addition to attorneys' fees.

DOCUMENT PREPARED
ON RECYCLED PAPER

# FIFTH CAUSE OF ACTION

## (Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*)

(California Subclass Only)

91.     Plaintiff incorporates by reference Paragraphs 1 through 90 above as though fully set forth herein.

92.     This cause of action is brought pursuant to the Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA").

93.     The CLRA applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result in the sale of goods or services to consumers and are either "goods" or "services" within the meaning of Cal. Civ. Code §§ 1761(a) and (b).  Here, Defendant is selling to Plaintiff and Class members credits to be used for stock photography.

94.     Plaintiff and members of the Class are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

95.     Defendant has violated and continues to violate the CLRA in at least the following respects:

b.      Inserting an unconscionable provision in the contract. (Cal. Civ. Code § 1770(a)(19)).

96.     Specifically, Defendant's practice of expiring and confiscating unused user credits after just one year is unconscionable and a violation of the CLRA.  It has and continues to cause harm to Plaintiff and Class members.

97.     Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful 1-year expiration practice alleged above, pursuant to Cal. Civ. Code § 1780(a)(2).  Unless Defendant is permanently enjoined from continuing to engage in such violation of the CLRA, future consumers of Defendant's product and and/or service will be damaged by Defendant's acts and practices in the same way as have Plaintiff and members of the Classes have.

DOCUMENT PREPARED
ON RECYCLED PAPER

98.    Plaintiff and members of the Classes also seek restitution as well as damages and punitives pursuant to Cal. Civ. Code § 1780-82.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

(California Subclass only)

99.    Plaintiff incorporates by reference Paragraphs 1 through 90 above as though fully set forth herein.

100.   Defendant 123RF operates a website accessible in California and nationwide wherein a user under its "Pay-as-you-go" credit model can purchase credits[s] or tranches of credits to obtain/purchase licensed stock photography/images from the website.

101.   123RF maintained a policy in which credits purchased on its website would expire if not used within 1 year of purchase.

102.   This expiration practice was and is inherently unjust and unfair because (among other things): (1) the carrying cost of the electronic credit purchase was near nothing and thus there was little to no need to expire the credits after just one year; and (2) by treating each credit purchase as a new transaction, 123RF prohibited its users from "renewing" or "reloading" their credit pack purchase and thereby prohibited extending the expiration date even if the users planned to use more credits. Thus, even if a user knew their credits were about to expire, but had no current need for purchase of photos/images with those credits, purchasing new credits would not extend the expiration date on those previously purchased credits.

103.   Given the inherent high levels of failure to use the credits, combined with 123RF's policy of expiring credit after just 1 year without the ability to renew the expiration date, this credit model provided 123RF an inherently unfair opportunity to unjustly enrich itself with expired credit revenue with no accompanying need to provide the stock photo/image to the user that purchased the now expired credit.

DOCUMENT PREPARED
ON RECYCLED PAPER

104.   Plaintiff and other California class members are California users that had credits purchased on 123RF's website expire and the money taken by 123RF with no photo/image provided in return.

105.   The expiration and confiscation policy is particularly unfair and unjust as 123RF failed to adequately disclose its 1-year expiration policy and confiscation before or after its users bought the credits.

106.   As between Plaintiff (and other California class members) and 123RF, it would be unjust for 123RF to retain the benefits of users' purchase of credits with no photo/image provided in return.

107.   Plaintiff and the California class therefore seek restitution, and/or refund or reinstatement of the expired credit[s].

## V.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant on her behalf and on behalf of the Classes as follows:

1.      Damages in an amount to be determined at trial;

2.      Restitution in an amount to be determined at trial;

3.      A permanent injunction enjoining Defendant 123RF from violating the CARD Act;

4.      A permanent injunction enjoining Defendant 123RF from violating Cal. Civ. Code § 1749.5 *et seq.*, Cal. Bus. & Prof. Code § 17200, § 17500 or Civil Code §§ 1750 with respect to expiring credit[s] after just 1 year;

5.      Costs of suit;

6.      Attorneys' fees as allowed by law;

7.      Punitive damages as allowed by law;

8.      Prejudgment and post-judgment interest as allowed by law; and

9.      Such other and further relief, in law or in equity, as the Court may deem just and proper.

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2   DATED: June 10, 2016                    **FERNALD LAW GROUP LLP**
                                            BRANDON C. FERNALD
3

4                                           By:___*/s Brandon C. Fernald*___
5                                                  Brandon C. Fernald

6                                           Attorneys for Plaintiff
                                            TAMARA LEE TAYLOR and
7                                           PROPOSED CLASSES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on her behalf, and on behalf of the Class, hereby demand a trial by jury on all issues properly triable by jury.


DATED: June 10, 2016                    **FERNALD LAW GROUP LLP**
                                        BRANDON C. FERNALD


                                        By:___*/s Brandon C. Fernald*___
                                              Brandon C. Fernald

                                        Attorneys for Plaintiff
                                        TAMARA LEE TAYLOR and
                                        PROPOSED CLASSES

Document Prepared on Recycled Paper

CLASS ACTION COMPLAINT