EXHIBIT A

1

**UMBERG ZIPSER LLP**
Dean J. Zipser (SBN 94680)

2
Carole E. Reagan (SBN 162674)
dzipser@umbergzipser.com

3
creagan@umbergzipser.com
1920 Main Street, Suite 750

4
Irvine, CA  92614
Telephone: (949) 679-0052

5
Facsimile:  (949) 679-0461

6
Attorneys for Defendants 123RF, LLC
and 123RF Limited

7

8

**UNITED STATES DISTRICT COURT**

9
**CENTRAL DISTRICT OF CALIFORNIA**

10

11
TAMARA LEE TAYLOR, an
individual, and others similarly

12
situated,

13
          Plaintiff,

14
    vs.

15
123RF LLC, a California Limited
Liability Company; 123RF Limited,

16
a Hong Kong Company; and DOES
1-10, inclusive,

17
         Defendants.

18

19

20

21

Case No.:  2:16-cv-04129-SVW (FFMx)

**CORRECTED NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF**

[Request for Judicial Notice and [Proposed] Order filed herewith]

Date: August 7, 2017
Time: 1:30 p.m.
Ctrm: Hon. Stephen V. Wilson; 10A

Complaint Filed:  June 10, 2016

22

23

24

25

26

27

28

{142896.4}

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2017 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the Central District Court located at 350 West 1st Street, Los Angeles, the Honorable Stephen V. Wilson presiding, defendants 123RF, LLC and 123RF Limited (collectively, "Defendants" or "123RF") will and hereby do move for an order dismissing the First Amended Complaint of plaintiff Tamara Lee Taylor pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6).  This Motion is based on the following grounds:

1.     Plaintiff's claim under California's "gift certificate" law, California Civil Code section 1749.5 et seq., fails because that statute does not provide a private right of action.

2.     Plaintiff's claim for unlawful practices under California Business & Professions Code Section 17200 fails because Plaintiff has not alleged facts to establish that the credits she purchased for licensing of stock photography are "gift certificates" under California law.

3.     Plaintiff's claim for unlawful practices under California Business & Professions Code Section 17200 fails because Plaintiff has not alleged the existence and terms of any "unconscionable contract" to establish a violation of California Civil Code section 1670.5.

4.     Plaintiff's claim under California Business & Professions Code section 17200 fails because Plaintiff has not alleged actual reliance on the alleged misrepresentations or omissions of 123RF and, therefore, cannot meet the standing requirements of Article III of the United States Constitution and California's Unfair Competition Law.

5.     Plaintiff's claim under California Business & Professions Code section 17200 fails as Plaintiff has not alleged facts that the expiration of 123RF credits was unfair.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                   1

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

6.    Plaintiff's claim for fraudulent practices under California Business & Professions Code section 17200 fails because Plaintiff has not satisfied the heightened pleading standard for claims based in fraud as required by Federal Rules of Civil Procedure Rule 9(b).

7.    Plaintiff's claim for violations of California Business & Professions Code section 17500 fails because Plaintiff alleges no facts that she ever was deceived or relied upon any advertisements regarding the purchase of credits and, therefore, fails to meet the standing requirements of Article III of the United States Constitution and California's False Advertising Law.

8.    Plaintiff has not alleged and cannot allege facts sufficient to support her claim for unjust enrichment, because California law does not allow for an unjust enrichment claim for relief and she has not alleged any facts establishing that any "enrichment" was unjust.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 19, 2017.

123RF's motion is based on this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, all pleadings and records on file in this action, and any argument presented to the Court in connection with the hearing on this motion.

Dated:  June 12, 2017          UMBERG ZIPSER LLP

By _____
   Carole E. Reagan
   Attorneys for Defendants 123RF, LLC
   and 123RF Limited

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                    2

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ......................................................................................... 1

II.   PROCEDURAL BACKGROUND ............................................................... 2

III.  ARGUMENT .............................................................................................. 2

A.    Standard of Review ........................................................................... 2

B.    The California Gift Certificate Statute Does Not Apply ................... 3

C.    Plaintiff Cannot State Claims for Unfair Competition or False
       Advertising ........................................................................................ 9

       1.   Plaintiff Alleges No Unlawful Conduct ................................... 9

       2.   Plaintiff Cannot State a UCL or FAL Claim Based on Inadequate
             Disclosure or Omission ............................................................ 9

       3.   The Claims of Fraudulent Practices under the UCL and FAL
             Also Fail to Meet the Rule 9(b) Pleading Standard ............... 13

D.    Plaintiff Cannot State a Claim for Unjust Enrichment ................... 14

IV.   CONCLUSION ......................................................................................... 15

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                    i

Case No.:  2:16-cv-04129-SVW (FFMx)
MOTION TO DISMISS FAC

# TABLE OF AUTHORITIES

## CASES

*Arocho v. Cal. Fair Plan Ins. Co.*,
134 Cal. App. 4th 461 (2005) ...................................................................... 5

*Baghdasarian v. Amazon.com, Inc.*,
No. CV 05-8060 AG (CTX), 2009 WL 4823368 (C.D. Cal. Dec. 9,
2009), *aff'd*, 458 F. Appx 622 (9th Cir. 2011) .................................... 11, 12

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ...................................................................... 3

*Cal. Ass'n of Psychology Providers v. Rank*,
51 Cal. 3d 1 (1990) ...................................................................................... 6

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
710 F.3d 946 (9th Cir. 2013) ...................................................................... 4

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ........................................................................ 3

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997) ...................................................................... 6

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) .................................................................. 15

*Emp'rs Ins. of Wausau v. Granite State Ins. Co.*,
330 F.3d 1214 (9th Cir. 2003) .................................................................... 5

*Enterprise Bank v. Magna Bank of Missouri*,
92 F. 3d 743 (8th Cir. 1996) ...................................................................... 6

*Falk v. Gen. Motors Corp.*,
496 F. Supp. 2d 1088 (N.D. Cal 2007) ...................................................... 15

*Gomez v. Wells Fargo Home Mortg.*,
No. C 11-01725, 2011 WL 5834949 (N.D. Cal. 2011) ............................. 14

*Heritage Pacific Financial, LLC v. Monroy*,
215 Cal. App. 4th 972 (2013) ...................................................................... 9

*In re Actimmune Mktg. Litig.*,
No. 08-2376, 2010 WL 3463491 (N.D.Cal. Sept. 1, 2010) ...................... 11

*In re ConAgra Foods Inc.*,
908 F. Supp. 2d 1090 (C.D. Cal. 2012) .................................................... 15

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV
Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................................... 14

*In re Tobacco II Cases*,
46 Cal.4th 298 (2009) ................................................................................ 11

*J&J Sports Prods. Inc. v. Sally & Henry's Doghouse LLC*,
No. 13-CV-2924, 2015 WL 4714975 (S.D. Cal. 2015) ............................. 14

*Jerry Beeman & Pharmacy Servs., v. Anthem Prescription Mgmt.*,
652 F.3d 1085 (9th Cir. 2011) .................................................................... 5

*Johnson v. Mitsubishi Digital Elecs. Am., Inc.*,
578 F. Supp. 2d 1229 (C.D. Cal. 2008) .................................................... 15

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                    ii

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

*Kane v. Chobani, Inc.*,
    973 F. Supp. 2d 1120,
    *vacated on other grounds*, 645 F. Appx. 593 (9th Cir. 2016)......................................2

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...............................................................................13

*Key v. DSW, Inc.*,
    454 F.Supp.2d 684 (S.D. Ohio 2006) ...................................................................13

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ..........................................................................................10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...................................................................................................2

*Major v. Ocean Spray*,
    No. 5:12-CV-03067-EJD, 2015 WL 859491 (N.D. Cal. 2015)...........................12

*McCrary v. Elations Co., LLC*,
    No. EDCV 13-0242, 2013 WL 6403073 (C.D. Cal. 2013) ..................................11

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010) ..............................................................................................10

*Morris v. Redwood Empire Bancorp*,
    128 Cal. App. 4th 1305 (2005) ...............................................................................9

*Mullis v. United States Bankr. Court*,
    828 F.2d 1385 (9th Cir. 1987) .................................................................................3

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ...................................................................................3

*O'Shea v. Littleton*,
    488, 94 S. Ct. 669 (1974)......................................................................................13

*Otto v. Abbott Laboratories, Inc.*,
    CV 12-1411-SVW, 2013 WL 12132064 (C.D. Cal 2013) ..................................12

*Pakootas v. Teck Cominco Metals, LTD.*,
    830 F.3d 975 (9th Cir. 2016) ...................................................................................4

*Pence v. Andrus*,
    586 F.2d 733 (9th Cir. 1978) .................................................................................13

*Pension Benefit Guar. Corp v. While Consolid. Indus.*,
    998 F.2d 1192 (3d Cir. 1993)...................................................................................6

*Perrin v. U. S.*,
    444 U.S. 37 (1979)...................................................................................................4

*Princess Cruise Lines v. Superior Court*,
    179 Cal. App. 4th 36 (2009) .................................................................................12

*Reddy v. Litton Indus.*,
    912 F.2d 291 (9th Cir. 1990) .................................................................................13

*Reynolds v. Philip Morris USA, Inc.*,
    332 F. Appx. 397 (9th Cir. 2009)............................................................................5

*Sandoval v. Mercedes-Benz USA, LLC*,
    2013 U.S. Dist. LEXIS 188997 (C.D. Cal. 2013)................................................13

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}

iii

*Scott v. Breeland*,
    792 F.2d 925 (9th Cir.1986) ...................................................................... 2

*Silcox v. State Farm Mut. Auto. Ins. Co.*,
    No. 14cv2345, 2014 WL 7335741 (S.D. Cal. 2014) .................................. 14

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...................................................................... 3

*State Farm Fire & Cas. Co. v. Superior Court*,
    45 Cal. App. 4th 1093, 1103 (1996) .......................................................... 9

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) .................................................................... 3

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................. 13

*Warth v. Seldin*,
    422 U.S. 490 (1975) .................................................................................. 13

*Waul v. Circuit City Stores, Inc.*,
    Nos. A101414, A101792, 2004 WL 1535825 (Cal. Ct. App. July 9,
    2004) ....................................................................................................... 5, 8

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .................................................................... 2

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) .................................................... 13

*Yumul v. Smart Balance, Inc.*,
    No. CV 10-00927, 2011 WL 1045555 (C.D. Cal. Mar. 14, 2011) ............ 9

**STATUTES**

15 U.S.C. 1693*l*-1(a)(2)(B) ............................................................................. 4

Cal. Bus. & Prof. Code § 17204 ...................................................................... 10

Cal. Bus. & Prof. Code § 17535 ...................................................................... 10

Cal. Civ. Code § 1749.45(a) .............................................................................. 4

Cal. Civ. Code § 1749.5(a)(1) ........................................................................... 3

Cal. Civ. Code § 1749.6(a) ................................................................................ 3

Fed. R. Civ. P. 12(b)(1) ...................................................................................... 2

Fed. R. Civ. P. 12(b)(6) .................................................................................. 2, 3

Fed. R. Civ. P. 9(b) ........................................................................................... 13

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                    iv

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

123RF Limited operates a website that licenses stock photography and other imagery.  The 123RF website offers multiple types of purchase plans, including subscription plans and an "on demand" credit plan.  (First Amended Complaint ["FAC"] ¶ 12.)  With the credit plan, purchasers buy packs of credits, which they then use to license individual photographs or images.  (FAC ¶ 2.)  Plaintiff alleges that this credit model is wrongful because the credits must be used within one year of purchase.  Plaintiff's case hinges on two primary theories of liability: (1) that the one-year expiration policy violates California law governing the sale of "gift certificates" with expiration dates; and (2) that the expiration policy is unfair and deceptive because 123RF did not adequately disclose it.

Each of these theories has a fatal shortcoming.  First, a tranche of credits for the subsequent download and licensing of photographs is not a "gift certificate."  It is not a gift certificate on its face, nor can it even theoretically be given as a gift.  Plaintiff would have this Court interpret California Civil Code section 1749.5 – a statute directed specifically to "gift certificates" – as barring any commercial transaction with a temporal restriction.  Neither the plain language of the statute nor its stated purpose supports such an expansive application.  As a matter of law, Plaintiff cannot state a claim under the gift certificate statute.

Second, plaintiff has no standing to bring claims under California's unfair competition ("UCL") or false advertising ("FAL") laws because she cannot truthfully allege that she relied to her detriment on any misrepresentation or omission as to the one-year expiration policy. Plaintiff alleges that she made multiple purchases of credits over two years.  In other words, she continued to buy more credits *after* some of her credits had expired.  Plaintiff clearly did not believe the expiration policy was unfair or she would not have made additional purchases.

More significantly, in order to establish standing under Article III of the U. S. Constitution, as well as California's UCL and FAL statutes, Plaintiff must demonstrate that she "purchased a product [s]he otherwise would not have purchased" if she had known about the expiration policy. *Kane v. Chobani, Inc*., 973 F. Supp. 2d 1120, 1128-29 (N.D. Cal. 2014), *vacated on other grounds*, 645 F. Appx. 593 (9th Cir. 2016). This Plaintiff can never demonstrate because, by her own admission, when she *did know* about the expiration policy, she *did* purchase the credits. *Id*., at 1127 ("'[A] plaintiff may plead herself out of court' if she 'plead[s] facts which establish that [s]he cannot prevail on h[er] claim.'").

For these and other reasons as set forth below, Plaintiff cannot state a claim and FAC should be dismissed.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed her original complaint on June 10, 2016, against 123RF, LLC only. 123RF, LLC moved to dismiss the complaint on September 12, 2016. On November 23, 2016, the Court granted the motion, with leave to amend. (Order Granting Mot. Dismiss, Nov. 23, 2016, ECF no. 25.) On December 23, 2016, Plaintiff filed the First Amended Complaint, adding 123RF Limited as a defendant. Both defendants now move to dismiss the FAC.

## III.    ARGUMENT

### A.     Standard of Review

Rule 12(b)(1) allows for a motion to dismiss where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to show subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Standing is a matter of subject matter jurisdiction and is properly tested on motion to dismiss under Rule 12(b)(1). See *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Rule 12(b)(6) provides for dismissal where the plaintiff fails to allege facts to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A Rule

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}

2

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

1  12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v.*

2  *Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where a complaint

3  manifests either a "lack of a cognizable legal theory or the absence of sufficient

4  facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*,

5  901 F.2d 696, 699 (9th Cir. 1990).  The court need not accept as true allegations

6  that are merely conclusory, unwarranted deductions of fact, or unreasonable

7  inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

8  2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

9  Nor is the court required to accept as true allegations that contradict matters

10  properly subject to judicial notice or by exhibit.  *Mullis v. United States Bankr.*

11  *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also Steckman v. Hart Brewing,*

12  *Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as

13  true conclusory allegations which are contradicted by documents referred to in the

14  complaint.").

15  ## B.   The California Gift Certificate Statute Does Not Apply

16     Plaintiff's first claim for relief asserts a violation of California's gift

17  certificate statute, which makes it unlawful "to sell a gift certificate to a purchaser"

18  with "[a]n expiration date." Cal. Civ. Code § 1749.5(a)(1).  This statute has no

19  application here.  The credits sold by 123RF are not designated, marketed, or used

20  as gift certificates or gift cards, and Plaintiff does not allege to the contrary.

21  Instead, Plaintiff relies on fallacious contortions of the statute's language and

22  intention.

23     First, Plaintiff alleges that the 123RF credits qualify as "gift certificates"

24  under Civil Code section 1749.6(a), which states that "[a] gift certificate constitutes

25  value held in trust by the issuer of the gift certificate on behalf of the beneficiary, or

26  to the legal representative of the beneficiary to the extent provided by law, and not

27  to the issuer." (FAC ¶ 59.)  This provision, however, is not a definition of "gift

28  certificate."  (If it were, it would be a very circular and meaningless one.)  Rather,

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                          3

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

1   this provision relates to the treatment of gift certificates in bankruptcy, which is

2   why the title of Section 1749.6 is: "Gift certificate is trust property of beneficiary

3   and must be honored in bankruptcy."  As this case does not involve bankruptcy, this

4   provision is irrelevant.

5       Second, the FAC also alleges, in paragraph 68, that the 123RF credits

6   "qualify as 'gift certificates' under California Civil Code §1749.5," based on four

7   enumerated factors.  (FAC ¶ 68.)  But these factors are found nowhere in the

8   California statute, nor in the case law interpreting that statute.  Rather, they come

9   from the Federal CARD Act, 15 U.S.C. 1693*l*-1(a)(2)(B).  This allegation is

10  presumably a hold-over from the original Complaint, which included a claim under

11  the Federal statute.  The FAC, however, dropped this claim.  Accordingly, this

12  definition – which relates to an entirely different statutory structure – also has no

13  relevance here.

14      The California gift certificate statute does include a definition provision (not

15  cited by Plaintiff).  Section 1749.45, entitled "'Gift Certificate' defined," states:

16  "[a]s used in this title, 'gift certificate' includes gift cards, but does not include gift

17  cards usable with multiple sellers of goods or services, provided the expiration date,

18  if any, is printed on the card…."  Civ. Code 1749.45(a) [emphasis added].  Having

19  used no other words than the synonym "gift card" to define "gift certificate," it is

20  apparent that the Legislature intended these terms to simply have their ordinary

21  meaning. *Perrin v. U. S.,* 444 U.S. 37, 42 (1979) ("A fundamental canon of

22  statutory construction is that, unless otherwise defined, words will be interpreted as

23  taking their ordinary, contemporary, common meaning."); *Pakootas v. Teck

24  Cominco Metals, LTD.*, 830 F.3d 975, 980 (9th Cir. 2016) ("Unless a statute

25  provides an explicit definition, we generally give words "their ordinary,

26  contemporary, common meaning.") (citing *Chubb Custom Ins. Co. v. Space

27  Sys./Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013)).

28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                    4

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

In order "to ascertain the common meaning of a word, 'a court typically looks to dictionaries.'" *Arocho v. Cal. Fair Plan Ins. Co*., 134 Cal. App. 4th 461, 466 (2005) (citation omitted).  Here, the dictionary defines a "gift certificate" as "A certificate worth a ***specified amount of money***, ***given as a gift*** to be redeemed at a particular store or business."  AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, (5th ed. 2017) *available at* https://ahdictionary.com/word/search.html?q=gift+certificate (last accessed June 1, 2017) (emphasis added) (Request for Judicial Notice ["RJN"], Ex. A).

Courts specifically interpreting the term "gift certificate" in this statute are in accord.  In *Reynolds v. Philip Morris USA, Inc*., 332 F. Appx. 397 (9th Cir. 2009), the Ninth Circuit consulted the dictionary to interpret the term "gift certificate" under Section 1749.5, and held the "ordinary meaning" of "gift certificates" requires they be "***typically given as gifts***" and "***state … cash value***." *Id*. (emphasis added).  The Court also looked to parts of Section 1749.5 referencing the "cash" and "face value" of a "gift certificate" to conclude a gift certificate must have a cash or face value.  *Id*.  Likewise, in *Waul v. Circuit City Stores, Inc*., Nos. A101414, A101792, 2004 WL 1535825 (Cal. Ct. App. July 9, 2004), the California state court adopted a similar interpretation, stating, "[i]n light of the section's language, and the problem addressed by the settlement [of a class action against multiple retailers who refused to honor expired gift certificates] leading to enactment of the section, it is clear that the section contemplates a 'gift'; i.e., ***a certificate or card purchased or obtained by someone for the purpose of giving it to someone else***."  *Waul,* 2004 WL 1535825, at *3 (emphasis added).[1]

---

[1] Although *Waul* is unpublished, the Ninth Circuit has held the Court may consider the reasoning of unpublished California Court of Appeal decisions. *Jerry Beeman & Pharmacy Servs. v. Anthem Prescription Mgmt.*, 652 F.3d 1085, 1093 (9th Cir. 2011) ("we are not precluded from considering these unpublished decisions as a possible reflection of California law, although they have no precedential value"), *vacated on other grounds*, 741 F.3d 29 (9th Cir. 2014); *Emp'rs Ins. of Wausau v. Granite State Ins. Co*., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value.").

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                    5

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

1    This definition also conforms to the definition the Legislative Counsel of

2    California provided to the sponsor of the gift certificate law:

3         Although section 1749.5 does not define the term "gift

4         certificate" we think in common usage the term refers to a

5         certificate purchased by a consumer from a retailer, ***to be given***

6         ***as a gift***, that entitles ***the recipient of that gift*** to select goods

7         or services ***in the amount stated thereon***.

8    Legislative Counsel of California, Gift Certificates at 2, Ch. 933, Stats. 1996 (Jan.

9    17, 1997) (emphasis added) (RJN, Ex. B).  Such opinions are "entitled to great

10   weight" and "particularly compelling."  *Cal. Ass'n of Psychology Providers v.*

11   *Rank*, 51 Cal. 3d 1, 16-17 (1990) ("In the absence of controlling authority, these

12   opinions are persuasive ….").

13        The 123RF credits do not meet this definition.  Not only are they not

14   "typically" given as gifts, they *cannot* be given as gifts.  They cannot be purchased

15   for the purpose of giving to someone else because they are not transferable.

16   Plaintiff does not allege she purchased credits as a gift, nor does she allege the

17   credits are transferable.  Nor can she, because the 123RF License Agreement

18   (referenced at FAC, ¶ 15, and attached to Plaintiff's prior motion to dismiss[2]),

19   demonstrates that in order to use 123RF credits to license photographs, a user must

20

_____

[2] Plaintiff references and quotes from this License Agreement in paragraph 15 of the FAC, but does not attach it.  Plaintiff previously did submit it as an exhibit in connection with her opposition to the prior motion to dismiss.  (Declaration of Brandon C. Fernald in Opposition to Motion to Dismiss, October 17, 2016, ECF no. 19, Ex. C.)  For the Court's consideration, a copy of this same License Agreement is attached as Exhibit D to the Request for Judicial Notice.  "A court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part."  *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997); s*ee also Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (district court may consider "full text" of documents relied on in complaint, including portions not pleaded, without converting motion to dismiss into motion for summary judgment); *Pension Benefit Guar. Corp v. While Consolid. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document …"); *Enterprise Bank v. Magna Bank of Missouri*, 92 F. 3d 743, 746 (8th Cir. 1996) (district court could take judicial notice of pleadings in earlier, related proceedings in same litigation).

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                                6

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

1   set up an account and expressly is not permitted to allow anyone else to use the

2   account:

3              Single User Account Only.  This Agreement only allows the

4              creation and registration of a Single User Account.  You may

5              not allow anyone else to use your username or password.  If

6              you wish to create multiple seats to concurrently and/or

7              separately access your Account, You may only do so through

8              123RF's Corporate+ account . . . or 123RF's multi-seat license

9              agreement. . . .

10  (RJN, Ex. D.)  123RF credits, therefore, are the opposite of a gift.  Their use

11  requires the creation of an account that the purchaser may *only* use for himself or

12  herself.  123RF does not contend that gift certificate statute applies only to a gift

13  certificate when it is given as a gift (as opposed to when the purchaser decides to

14  keep it and use it himself), but it must be a gift certificate to begin with – i.e.,

15  transferable and *capable* of being given as a gift.  Otherwise it is not a gift

16  certificate, pursuant to the above definitions.

17      The 123RF credits also do not have a stated cash value.  Plaintiff alleges only

18  that her credits were purchased for various dollar amounts (like virtually every

19  other product and service). (FAC ¶ 11.)  She does not, and cannot, allege that they

20  are essentially equivalent to cash, which, as set forth above, is another defining

21  characteristic of a gift certificate.  To apply the California statute to a licensing

22  transaction that is not and cannot be a gift and states no cash value would be not

23  just inconsistent with the language and legislative intent, but ignoring it entirely.

24      Plaintiff, seeking to avoid the definitional limitations of the term "gift

25  certificate," focuses instead on the concept of a "windfall," alleging that 123RF has

26  reaped an illegal windfall from its expiration policy.  (FAC ¶¶ 40-42.)  While it is

27  true that the California gift certificate law was enacted to address the windfall

28  resulting from unused gift cards, there is no support for the proposition that the

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                    7

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

legislature intended to ban *any transaction* that could result in a "windfall" to the seller as a result of a date restriction.  Such transactions are legion: e.g., Disneyland passes, gym memberships, iTunes subscriptions, etc.  All involve an expiration date, and the seller keeps the full purchase price regardless of whether the purchaser uses the product or service a lot, a little, or not at all during the designated period. The purchaser of a year-long gym membership understands that he or she may end up wasting a good bit of money if he or she does not go to the gym regularly.  And that gym may well bank on the prospect that some members will not come very often, resulting in a "windfall" to the gym.  But that in no way means that these transactions violate the California gift certificate law.

By enacting a statute targeted at gift cards, the legislature intended to remedy a specific problem related to gift cards given as gifts in specific dollar amounts.  It did not intend to sweep away any use of expiration dates in all consumer transactions.  If the legislature had intended such a far-reaching impact, it would have said so.  As set forth above, it said nothing of the kind, and the legislative history supports no such expansive interpretation.  See *Waul,* 2004 WL 1535825, at *3 ("Civil Code section 1749.5 was enacted to address a specific problem: the practice of refusing to honor gift certificates that had expired"; "The argument made in favor of the bill was that 'gift-givers do not expect their gifts to expire…. expired gift certificates dash the expectation of gift-givers and constitute an unfair windfall to retailers'" (*citing* Sen. Jud. Comm., Bill Analysis, AB 2466, comment, p. 4 (June 11, 1996); attached at RJN Ex. C); "We see no reason to assume the Legislature intended Section 1749.5 to extend to [another type of merchandise card] merely because it might expire before the customer acted on the offer").

Section 1749.5, therefore, regulates only "gift certificates" as ordinarily defined.  As such, Plaintiff cannot state a claim for violation of this statute.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                          8

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

**C.** **Plaintiff Cannot State Claims for Unfair Competition or False Advertising**

1. <u>Plaintiff Alleges No Unlawful Conduct</u>

The UCL, California Bus. & Prof Code section 17200, which prohibits "any unlawful … business act or practice," borrows violations of other laws and makes them actionable as "unlawful" practices. *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996). To state a claim for an unlawful business practice under the UCL, therefore, "a plaintiff must assert the violation of [an]other law." *Yumul v. Smart Balance, Inc.*, No. CV 10-00927, 2011 WL 1045555, at *12 (C.D. Cal. Mar. 14, 2011) (citation omitted). Here, Plaintiff's "unlawful" claim rests on the alleged violation of the California gift certificate law. (FAC ¶¶ 69-70.) As set forth above, Plaintiff fails to allege a violation of that law.

Plaintiff also alleges in passing that the "credit expiration policy constitute [sic] unconscionable contract clauses" under Civil Code section 1670.5. (FAC ¶ 77.) Plaintiff does not, however, plead the existence of a contract, much less attach or plead the terms of that contract. *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 993 (2013) ("In order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms. This… requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.'"). Without a contract, there cannot be an unconscionable contract clause. Consequently, the FAC does not even come close to alleging facts sufficient to support an unconscionability claim. See *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1317-24 (2005) (claim dismissed where facts sufficient to establish procedural and substantive unconscionability not plead).

Thus, Plaintiff fails to state a claim under the "unlawful" prong of the UCL.

2. <u>Plaintiff Cannot State a UCL or FAL Claim Based on Inadequate Disclosure or Omission</u>

Plaintiff also alleges that the 123RF expiration policy violates the "unfair"

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                                    9

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

and "fraudulent" prongs of the UCL because 123RF did not disclose, inadequately disclosed, or made misleading statements about the one-year expiration policy. (FAC ¶¶ 5, 25, 76, 80.)  Plaintiff's further alleges a false advertising claim under Section 17500 based on misleading, deceptive, and inadequate disclosure of the expiration policy.  (FAC ¶¶ 85.)  Plaintiff does not identify any particular misleading, deceptive or inadequate statements but, regardless, the claims fail because plaintiff does not and cannot plead the essential element of reliance on any such misstatements or omissions.

To satisfy the "case and controversy" requirement of Article III of the U. S. Constitution, a plaintiff must allege "an injury that is fairly traceable to the challenged action of the defendant."  *Kane v. Chobani, Inc.*, 973 F. Supp. 2d at 1128 (citing *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139 (2010)).  In the case of an alleged injury based on misrepresentations, Article III standing "may be satisfied by allegations that a plaintiff purchased a product he otherwise would not have purchased, or spent more on such product, in reliance on defendant's misrepresentations." *Id.*

In addition, the UCL and FAL impose their own similar standing requirements.  To assert a claim under either the UCL or FAL, a person must have "suffered injury in fact and . . . lost money or property as a result of" the unfair competition or false advertising.  Cal. Bus. & Prof. Code §§ 17204, 17535; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321-22 (2011).  The phrase, "'as a result of,' imposes an actual reliance requirement" and:

> [t]o establish actual reliance, plaintiffs must show 'that the defendant's misrepresentation or nondisclosure was "an immediate cause" of the plaintiff's injury producing conduct. [ ] A plaintiff may establish that the defendant's misrepresentation is an "immediate cause" of the plaintiff's conduct by showing that in its absence the plaintiff "in all reasonable probability"

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

would not have engaged in the injury-producing conduct.

*Baghdasarian v. Amazon.com, Inc.*, No. CV 05-8060 AG (CTX), 2009 WL 4823368, *5 (C.D. Cal. Dec. 9, 2009), *aff'd*, 458 F. Appx 622 (9th Cir. 2011) (*citing In re Tobacco II Cases*, 46 Cal.4th 298 (2009)).  The actual reliance requirement applies to claims asserted under the FAL, and to any of the three UCL prongs – unlawful, unfair, or fraudulent – whenever the claim "is grounded in misrepresentation or deception." *Kane*, 973 F. Supp. 2d at 1129 (quoting *In re Actimmune Mktg. Litig.,* No. 08-2376, 2010 WL 3463491, at *8 (N.D.Cal. Sept. 1, 2010)).  Where a plaintiff fails to allege facts supporting such reliance, the claims should be dismissed.  *Id.* (plaintiffs failed to establish actual reliance where their allegation that they did not know "evaporated cane juice" was a sweetener was not plausible given their admitted understanding that "cane syrup" was equivalent to sugar), *see also McCrary v. Elations Co., LLC*, No. EDCV 13-0242,  2013 WL 6403073, at *8 (C.D. Cal. 2013) (dismissing UCL and FAL claims based on statements on website where complaint failed to "allege [plaintiff] looked at or relied on anything on Defendant's website before purchasing" product).

Here, Plaintiff alleges she made four purchases of credits from 123RF on November 9, 2012, November 7, 2013, July 23, 2014, and July 28, 2014. (FAC ¶ 11.)  She further alleges that:

> On at least two of those instances, November 9, 2012 and July 28, 2014, credits she purchased were expired by 123RF after 1 year.
> One (1) credit she bought on November 9, 2012 was expired by 123RF 1 year later, on November 9, 2013.  Eleven (11) of the credits she bought on July 28, 2014 were expired by 123RF 1 year later, on July 28, 2015.

(*Id.*)  In November 2013, therefore, at least one of Plaintiff's credits had expired and she was well aware of the expiration policy by that date, at the latest.  A few months later, in July 2014, Plaintiff nevertheless made two additional purchases of

1   credits.  Thus, Plaintiff cannot truthfully allege that she was misled, deceived, or

2   unaware of the expiration policy when she made those purchases, because her own

3   express allegations prove the contrary.

4          Likewise, this admission also prevents Plaintiff from establishing reliance as

5   to her earlier purchases. As set forth above, a plaintiff must allege she purchased a

6   product that she would not have purchased if she had not been misled or deceived.

7   In other words, here Plaintiff must allege that if she had known that her 123RF

8   credits would expire in a year, she "in all reasonable probability" would not have

9   bought them.  And this allegation must be *plausible*.  *Kane*, 973 F. Supp. at 1127*;*

10  *see also Otto v. Abbott Laboratories, Inc.*, CV 12-1411-SVW, 2013 WL 12132064,

11  at *2 (C.D. Cal 2013).  Plaintiff cannot plausibly make this allegation because she

12  acknowledges that when she did know about the expiration policy, it did not impact

13  her purchasing decision at all – indeed, she made *two* more purchases of credits

14  thereafter.  Plaintiff's own allegations, therefore, preclude a finding that the alleged

15  misrepresentations or omissions about the expiration policy were "an immediate

16  cause" of any of her purchases.  See *Major v. Ocean Spray*, No. 5:12-CV-03067-

17  EJD, 2015 WL 859491, at *4 (N.D. Cal. 2015) (failure to prove reliance on

18  omission of disclaimer where plaintiff's testimony demonstrated that the

19  "disclaimer would not have factored into her decision to purchase"); *Princess*

20  *Cruise Lines v. Superior Court*, 179 Cal. App. 4th 36, 43-44 (2009) (plaintiff could

21  not establish reliance on cruise company's alleged misrepresentations about the cost

22  of excursions given statement that she wanted to go on the excursion no matter the

23  cost); *Baghdasarian*,  2009 WL 4823368, *5 (no reliance where allegedly

24  misrepresented shipping policy was not an influential factor in purchasing

25  decision).

26         Accordingly, Plaintiff did not and cannot establish Article III standing, or the

27  required statutory standing for a UCL or FAL claim.  And in the context of a class

28  action:

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                    12

1          If a named member purporting to represent the class does not have

2          standing, she may not seek relief on behalf of herself or any other

3          member of the class.  See *O'Shea v. Littleton*, 488, 94 S. Ct. 669

4          (1974).  Consequently, the Court must dismiss a case if the named

5          plaintiff does not have standing regardless of whether members of

6          the putative class have suffered injuries.

7   *Key v. DSW, Inc*., 454 F.Supp.2d 684, 687 (S.D. Ohio 2006); *see also Pence v.*

8   *Andrus*, 586 F.2d 733, 736-37 (9th Cir. 1978) ("[I]n class actions, the named

9   representatives 'must allege and show that they personally have been injured ….'"

10  (quoting *Warth v. Seldin*, 422 U.S. 490, 505 (1975)).  Given that Plaintiff fails to

11  allege standing, the UCL and FAL claims should be dismissed.

12      In addition, given the allegations Plaintiff has already made and cannot now

13  contradict, it would be futile to grant leave to amend.  *See Reddy v. Litton Indus.*,

14  912 F.2d 291, 296-97 (9th Cir. 1990) (denying plaintiff leave to amend, holding

15  that "[a]lthough leave to amend should be liberally granted, the amended

16  complaint may only allege other facts consistent with the challenged pleading.")

17  (internal quotations omitted).

18          3.    <u>The Claims of Fraudulent Practices under the UCL and FAL</u>

19                <u>Also Fail to Meet the Rule 9(b) Pleading Standard</u>

20      Dismissal of plaintiffs' claims for fraudulent practices under the UCL and

21  violation of the FAL is also warranted under the heightened pleading standard of

22  Fed. R. Civ. P. 9(b).  A UCL fraud claim "is said to be 'grounded in fraud' or to

23  'sound in fraud' and the pleading … as a whole must satisfy the particularity

24  requirement of Rule 9(b)." *Kearns v. Ford Motor C*o., 567 F.3d 1120, 1125 (9th

25  Cir. 2009); *see also Sandoval v. Mercedes-Benz USA, LLC*, 2013 U.S. Dist. LEXIS

26  188997, at *38-39 (C.D. Cal. 2013) ("District courts in California have consistently

27  held ... that claims under California's FAL are grounded in fraud."  *Yumul v. Smart*

28  *Balance, Inc*., 733 F. Supp. at 1122; *see also Vess v. Ciba-Geigy Corp. USA*, 317

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                    13

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC

1  F.3d 1097, 1105 (9th Cir. 2003) (applying Rule 9(b) to portions of FAL claim

2  alleging fraud).

3       To state a claim under the UCL's "fraud" prong, a plaintiff must allege "an

4  account of the time, place, and specific content of the false representations as well

5  as the identities of the parties to the representations." *Silcox v. State Farm Mut.*

6  *Auto. Ins. Co*., No. 14cv2345, 2014 WL 7335741, at *4 (S.D. Cal. 2014)

7  (dismissing UCL fraud claim where "it [was] unclear who made the

8  representations, when the representations were made, and what the specific

9  representations were that constituted fraudulent activity"); *see also Gomez v. Wells*

10 *Fargo Home Mortg.*, No. C 11-01725, 2011 WL 5834949, at *12 (N.D. Cal. 2011)

11 (plaintiffs failed to state claim under "fraudulent" prong of UCL because they "did

12 not identify with particularity any specific fraudulent or misleading statements

13 made by any particular Defendant"). Similarly, to allege a claim under the FAL, a

14 plaintiff must "identify specific advertisements, when and where they were shown,

15 and why they were untrue or misleading." *In re Sony Grand Wega KDF-E A10/A20*

16 *Series Rear Projection HDTV Television Litig*., 758 F. Supp. 2d 1077, 1093 (S.D.

17 Cal. 2010); *see also J&J Sports Prods. Inc. v. Sally & Henry's Doghouse LLC*, No.

18 13-CV-2924, 2015 WL 4714975, at *10 (S.D. Cal. 2015) (dismissing FAL claim

19 where complaint failed "to identify any specific advertisements and fail[ed] to

20 allege when they were distributed or publicized").

21       Here, Plaintiff generally alleges that 123RF made "misleading and partial

22 statements" and "extensively market[s] and advertise[s] the credits with misleading

23 and illegal expiration dates" (FAC ¶¶ 80, 85), but does not identify a single such

24 statement or advertisement, much less describe when and where it was shown.  As

25 such, Plaintiff does not plead these claims with sufficient particularity and these

26 claims should be dismissed.

27       **D.     Plaintiff Cannot State a Claim for Unjust Enrichment.**

28       California courts "appear to be split on whether unjust enrichment can be an

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                                14

independent claim or merely an equitable remedy." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007).  This Court has held that "a cause of action for unjust enrichment is not cognizable." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012).  Thus, the Court may dismiss the independent claim for unjust enrichment on that basis.  But even if Plaintiff theoretically *could* assert an unjust enrichment claim, she fails to allege sufficient facts to demonstrate that any enrichment accruing to 123RF was "unjust."  That "one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).  In particular, "[t]here is no equitable reason for invoking restitution *when the plaintiff gets the exchange which he expected*." *Id*. at 1371; *see also, e.g.*, *Johnson v. Mitsubishi Digital Elecs. Am., Inc.*, 578 F. Supp. 2d 1229, 1241 (C.D. Cal. 2008) (no unjust enrichment claim stated based on customer's purchase of television allegedly lacking features advertised where customer did not allege he saw advertising), *aff'd*, 365 F. Appx 830 (9th Cir. 2010).

As detailed above, Plaintiff got precisely the deal she expected when she bought 123RF credits, was not misled, and suffered no other plausible injustice.  Accordingly, the unjust enrichment claim should be dismissed.

## IV.   CONCLUSION

For all of the foregoing reasons, 123RF respectfully requests that the First Amended Complaint be dismissed.


Dated:  June 12, 2017                    UMBERG ZIPSER LLP

                                         Carole E. Reagan
                                         Attorneys for Defendant 123RF, LLC and
                                         123RF Limited

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{142896.4}                          15

Case No.:  2:16-cv-04129-SVW (FFMx)
CORRECTED MOTION TO DISMISS FAC